IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

GFC PROPERTIES, INC.

    Plaintiff,

v.                                            CASE NO.: 10-45090CA31

XL SPECIALTY INSURANCE COMPANY

    Defendant.

THE ORIGINAL FILED
ON AUG 19 2010
IN THE OFFICE OF
CIRCUIT CT. MIAMI-DADE CO
CIVIL DIVISION

_____/

### PLAINTIFF'S PETITION TO COMPEL APPRAISAL OR IN THE ALTERNATIVE COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

The Plaintiff, GFC PROPERTIES, INC., hereinafter "Plaintiff", by and through his undersigned attorney, hereby file this Petition to Compel Appraisal or in the Alternative Complaint for Declaratory Judgment and Breach of Contract, and as grounds allege as follows:

1. This is an action to compel appraisal of losses under property insurance policy for damages in excess of $15,000.00, exclusive of interest, costs, and attorney's fees and/or for a declaratory judgment to determine and declare the rights of the parties under an insurance policy involving a claim with a value within the jurisdictional limits of this court, to wit in excess of $15,000.00.

2. At all times hereto Plaintiff was and is a resident of Miami-Dade County, Florida and otherwise sui juris.

3. At all times hereto Defendant was and is an insurer in Florida.

4. At all times material hereto, in consideration of a premium paid by the Plaintiff there was in full force and effect a certain insurance policy, being Policy number ICS0966102706300 (hereinafter the "Policy").

5. Under the terms of the Policy, Defendant insured Plaintiff against certain losses to Plaintiff's property located at 111 NW 152nd Street, North Miami Beach, FL (hereinafter the "Property").

6. Under the material terms of the homeowner's insurance policy, if the parties fail to agree on the amount of a loss, either party may demand an appraisal process to determine the amount of the loss (hereinafter the "Appraisal Process"). Plaintiff does not have a true and complete copy of the Policy, but Defendant has a true and correct copy of the Policy. Plaintiff reserves the right to supplement this Complaint by filing a true and correct copy of the policy upon receipt from Defendant pursuant to discovery in this action.

7. Plaintiff believes that the Policy provides a provision for the "Appraisal Process."

8. On or about August 25th, 2005 and October 24th, 2005, while the Policy was in full force and effect, Plaintiff suffered covered losses caused by hurricanes causing property damage (hereinafter the "Loss").

9. Defendant assigned claim numbers 05-3079 and 05-4197 to the losses.

10. Defendant investigated the losses and acknowledged insurance coverage for the losses in an amount unilaterally determined by Defendant to be the total amount of the losses.

11. Plaintiff notified Defendant that Plaintiff was in disagreement with Defendant's evaluation of the losses and advised Defendant that Plaintiff was invoking the appraisal clause of the Policy to determine the full amount of the losses and named Plaintiff's appraiser.

12. Defendant has refused and/or failed to either proceed with the appraisal process or pay supplemental insurance benefits as requested by the Plaintiff.

13. Plaintiff has performed all conditions precedent for the filing of this action or any and all conditions precedent have been otherwise met or waived.

14. Plaintiff has been obligated to engage undersigned attorney for the prosecution of this action and are entitled to reasonable attorney's fees thereby pursuant to Fla. Stat. §627.428.

## COUNT I – CLAIM TO COMPEL APPRAISAL

15. The allegations in paragraphs 1 through 14 are incorporated as if fully stated herein.

16. Plaintiff invoked the appraisal process in writing prior to filing this complaint.

17. Defendant has taken the position that it has no duty to participate in the appraisal or to select an appraiser. However, Defendant's duty to participate in the appraisal process is governed by the decision of the Supreme Court of Florida in Johnson v. Nationwide, 828 So. 2d 1021 (Fla. 2002), which held that once an insurer admits that some part of an insured's loss is covered under the policy (i.e. the insurance company acknowledges it has an obligation to make some payment) either the insurer or the insured can compel the other to have the amount of loss determined by appraisal.

WHEREFORE, Plaintiff requests this Honorable Court to: a) compel Defendant to select an appraiser and participate in the appraisal process; b) to select a neutral and competent umpire for the appraisal process; c) to award Plaintiff reasonable attorney's fees pursuant to Fla. Stat. §627.428; and, d) award Plaintiff court costs.

## COUNT II – COMPLAINT FOR DECLARATORY RELIEF

18. The allegations in paragraphs 1 through 14 are incorporated as if fully stated herein.

19. Defendant has taken the position that it has no duty to participate in the appraisal or to select an appraiser.

20. As a direct and proximate result of the foregoing conflicting positions of the parties exists and there is an actual controversy between the parties which requires judicial

interpretation as to whether Plaintiffs are entitled to have the amount of losses determined by the appraisal process, and accordingly, Plaintiff seeks a declaration as to the Plaintiff's rights relative to compelling Defendant to proceed with the appraisal process to determine the amount of the losses.

21. In essence, the purpose of this declaratory decree claim is to obtain judicial interpretation of the Policy, as it relates to the facts involved herein. Without such a declaratory decree, Plaintiff is unable to obtain Plaintiff's rightful insurance benefits under the Policy due to the disagreement between the parties as to the amount of the covered losses.

WHEREFORE, Plaintiff requests this Honorable Court for a declaratory judgment as follows: a) to declare the Plaintiff entitled to have the appraisal proceed determine the amount of losses; b) to declare that Defendant must select an appraiser and participate in the appraisal process; c) to select a neutral and competent umpire for the appraisal process; d) to award Plaintiff reasonable attorney's fees pursuant to Fla. Stat. §627.428; and, e) award Plaintiff court costs.

## COUNT III – CLAIM FOR BREACH OF CONTRACT

22. The allegations in paragraphs 1 through 14 are incorporated as if fully stated herein.

23. Defendant has breached the insurance policy contract by reason of one or more of the following:

a) Defendant refused and/or failed to proceed with appraisal process pursuant to the terms of the policy to determine the amount of the losses, and has therefore waived its right to compel appraisal.

b) Defendant failed to pay the full amount of insurance proceeds due Plaintiff as a result of the losses.

24.   As a direct and proximate result of Defendant's above described breach of the insurance policy contract, Plaintiff has sustained damages for which Plaintiff is entitled to be indemnified against under the Policy and which were payable to or on behalf of the Plaintiff in connection with the losses to Plaintiff's property.

WHEREFORE, Plaintiff sues Defendant for damages in excess of $15,000.00, plus interest, court costs, and reasonable attorneys' fees pursuant to Fla. Stat. §627.428, and demand trial by jury.

HAAHR LAW GROUP, P.L.
Attorneys for Plaintiff

By: _____
HANS PETER B. HAAHR, ESQ.
Florida Bar No. 568457
1015 7th Avenue North
St. Petersburg, Florida 33705
Telephone: (727) 896-7777
Facsimile: (727) 896-3999